**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

AMERICA FIRST LEGAL FOUNDATION,

*Plaintiff,*

v.

CYBERSECURITY AND INFRASTRUCTURE SECURITY AGENCY,

*Defendant.*

Civil Action No.: 1:22-cv-1255

**COMPLAINT**

1. Plaintiff America First Legal Foundation ("AFL") brings this action against Defendant Cybersecurity and Infrastructure Security Agency ("CISA" or "Defendant") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. Since July 2021, AFL has investigated the federal government's censorship of First Amendment protected speech in collusion with legacy and social media companies. *See e.g.*, AFL, *Following Disturbing Admission By Biden White House, AFL FOIAS The Biden Administration About Its Directions To Social Media Companies To Censor Americans* (July 16, 2021), https://tinyurl.com/2p8tmb24.

3. On February 7, 2022, the Department of Homeland Security ("DHS") issued a bulletin titled "Summary of Terrorism Threat to the U.S. Homeland" identifying "the proliferation of false and misleading narratives" as a major threat

facing the United States. DEPT' OF HOMELAND SEC., *Summary of Terrorism Threat to the U.S. Homeland* (Feb. 7, 2022), https://tinyurl.com/mr3udu6r (last visited Nov. 2, 2022).

4. On April 4, 2022, AFL submitted a FOIA request to CISA, a component within DHS, to uncover how its "Mis-, Dis-, and Malinformation" (MDM) team, formerly known as the Countering Foreign Influence Task Force (CFITF), causes content to be removed from social media—potentially in violation of the Constitution. The FOIA sought information on how this may have happened leading up to the 2020 election and how it occurs on an ongoing basis to this day on an evolving list of topics. *See* AFL, *AFL Targets Another Biden Administration Effort to Collaborate with Establishment Media and Social Media Companies* (Apr. 7, 2022), https://tinyurl.com/zyknkbdn.

5. On July 27, 2022, AFL made public documents proving at least one federal agency, the Centers for Disease Control and Prevention, was actively colluding with social media companies to remove or suppress political speech on the platforms of Twitter, Facebook, and Instagram. *See* AFL, *AFL Lawsuit Reveals Damning CDC Documents Proving Government Collusion with Big Tech to Censor Free Speech and Promote Biden Administration Propaganda* (July 27, 2022), https://tinyurl.com/2p9d8asz.

6. Records obtained by Missouri Attorney General Eric Schmitt reportedly confirm that, during the period leading up to November 2020, CISA officials frequently engaged with social media companies and expected them to "process

reports and provide timely responses, to include the removal of reported misinformation from the platform where possible." Ken Klippenstein & Lee Fang, *Truth Cops: Leaked Documents Outline DHS's Plans to Police Disinformation*, INTERCEPT (Oct. 31, 2022), https://tinyurl.com/54u6vb8c.

7. "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances." U.S. CONST. amend. I.

8. As the American Civil Liberties Union recently put it: "The First Amendment bars the government from deciding for us what is true or false, online or anywhere. Our government can't use private pressure to get around our constitutional rights." @ACLU, TWITTER (Oct. 31, 2022, 5:43 PM), https://tinyurl.com/3ejdfapu (citing INTERCEPT, supra).

9. More than 200 days after AFL filed its FOIA request, CISA continues to suppress information of great public interest and stonewall AFL's request for records relating to their unconstitutional collaboration with social media companies to censor politically controversial speech.

## PARTIES

10. Plaintiff AFL is a nonprofit organization working to promote the rule of law in the United States, prevent executive overreach, ensure due process and equal protection for all Americans, and encourage public knowledge and understanding of

the law and individual rights guaranteed under the United States Constitution and the laws of the United States.

11. AFL's mission includes promoting government transparency and accountability by gathering official information, analyzing it, and disseminating it through reports, press releases, and/or other media, including social media platforms, all to educate the public. All the records AFL receives will be made publicly available on AFL's website for citizens, journalists, and scholars to review and use.

12. Defendant CISA is an agency of the federal government within the meaning of 5 U.S.C. § 552(f) and has possession and control of the records AFL seeks.

13. CISA is headquartered, and has its principal place of business, in Arlington, Virginia.

14. Although CISA's public-facing address is a mail stop in Washington, D.C., its chief officers are primarily and principally stationed at its headquarters in Arlington, Virginia.

15. CISA keeps the records that AFL seeks in Arlington, Virginia or maintains them on a system of records there.

**JURISDICTION AND VENUE**

16. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Additionally, it may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*

17. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## AFL'S FOIA REQUEST

18. On April 4, 2022, AFL sent a FOIA request to CISA seeking records relating to CISA's CFITF, MDM team, certain policies and directives, certain communications relating to the 2020 election, and communications between certain CISA employees and specific private entities. Exhibit A.

19. On May 2, 2022, CISA sent a letter to AFL acknowledging receipt of the request and assigning it Case Number 2022-NPFO-00105. Exhibit B.

20. That letter stated, "[u]pon review of the subject matter of your request, and an evaluation of the six factors identified above, CISA has determined that it will conditionally grant your request for a fee waiver." However, "[i]f upon review of these documents, CISA determines that the disclosure of the information contained in those documents does not meet the factors permitting CISA to waive the fees, then CISA will at that time either deny your request for a fee waiver entirely, or [reduce] fees corresponding to the amount of relevant material found." *Id.* at 2–3.

21. On May 9, 2022, CISA FOIA Officer Charles Schnepfe emailed AFL, offering to discuss AFL's FOIA request. AFL agreed and discussed the FOIA request with CISA over the phone later that afternoon. Exhibit C at 7–10.

22. On May 13, 2022, CISA sent an e-mail to AFL, attaching CISA's proposed search terms for narrowing AFL's FOIA request. *See* Ex. C at 6–7. The attachment is included to this Complaint as Exhibit D.

23. On May 13, 2022, AFL replied to CISA, agreeing to most, but amending part, of CISA's proposed narrowing. *See* Ex. C at 5–6.

24. On June 13, 2022, after a few e-mails exchanged between CISA and AFL to confirm the narrowed scope of the request to which AFL agreed, CISA confirmed that it has "sent this request out for search and will work the records as we get them." *See id.* at 3–5.

25. On August 2, 2022, AFL sent an e-mail to CISA, requesting an update on the status of the FOIA request. *Id.* at 3.

26. On August 3, 2022, CISA replied, stating that the "request is in the search queue and we will be tasking our OCIO shortly." *Id.* at 2.

27. On August 31, 2022, AFL sent another e-mail to CISA, requesting an update on the status of the FOIA request. *Id.*

28. On August 31, 2022, CISA replied, stating that "[t]he search is ongoing." *Id.* at 1.

29. As of the date of this Complaint, AFL has received no further response from the Defendant about its FOIA request.

## CLAIM FOR RELIEF
## Violation of FOIA, 5 U.S.C. § 552

30. AFL incorporates by reference paragraphs 1–29.

31. AFL properly requested records within the possession, custody, and control of the Defendant.

32. The Defendant failed to conduct a reasonable search for responsive records, and the requested records are not exempt from disclosure pursuant to any FOIA exemption. *See* 5 U.S.C. § 552(b).

33. Moreover, the Defendant failed to disclose any segregable, non-exempt portions of responsive records. *See id.*

34. The Defendant failed to respond to AFL's request within the statutory time-period. 5 U.S.C. § 552(a)(6).

35. Accordingly, AFL has exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C).

36. The Defendant has violated FOIA by failing to, within the statutorily prescribed time limit, (i) reasonably search for records responsive to AFL's FOIA request; (ii) provide a lawful reason for the withholding of any responsive records; (iii) grant AFL a fee waiver; and (iv) segregate exempt information in otherwise non-exempt responsive records.

**PRAYER FOR RELIEF**

WHEREFORE, AFL respectfully requests that this Court:

i. Declare that the records sought by AFL's April 4, 2022, request must be disclosed pursuant to 5 U.S.C. § 552;

ii. Order the Defendant to search immediately, demonstrating search methods reasonably likely to lead to the discovery of responsive records;

iii. Order the Defendant to produce by a date certain all non-exempt records responsive to AFL's FOIA request, accompanied by a Vaughn index of any responsive records or portions of responsive records being withheld under claim of exemption;

iv. Order the Defendant to grant AFL's request for a fee waiver;

v. Award AFL attorneys' fees and costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

vi. Grant AFL such other and further relief as this Court deems proper.

November 4, 2022

Respectfully submitted,

ANDREW J. BLOCK
VA Bar No. 91537
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave SE #231
Washington, D.C. 20003
Tel.: (202) 836-7958
E-mail: andrew.block@aflegal.org

MICHAEL DING*
D.C. Bar No. 1027252
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave SE #231
Washington, D.C. 20003
Tel.: (202) 964-3721
E-mail: michael.ding@aflegal.org
*Pro Hac Vice application forthcoming

*Counsel for Plaintiff America First Legal Foundation*